
Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 211 | DATE | 05/28/2003 |
| CASE TITLE | Christner v. American Eagle et al. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

American Eagle's Motion for Summary Judgment (doc. #13)
American Airlines's and AMR's Motion for Summary Judgment (doc. #14)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial [set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] . Enter memorandum opinion and order. For the attached reasons, the Defendants' motions to for summary judgment are GRANTED, terminating case. Any other pending motions are terminated as moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 30 2003 date docketed | 25 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

DOCKETED
MAY 3 0 2003

JOHN CHRISTNER,

Plaintiff

v.

AMERICAN EAGLE AIRLINES, INC., a Delaware Corporation and AMERICAN AIRLINES, INC., a Delaware Corporation, and AMR Corp.

Defendants.

02 C 0211

The Honorable William J. Hibbler

MEMORANDUM ORDER AND OPINION

John Christner sued his former employer, American Eagle Airlines, Inc., its corporate parent, AMR Corporation, and an affiliate, American Airlines, Inc., alleging that they failed to accommodate his disability and retaliated against him for objecting to discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 1201 *et seq.* The Defendants move for summary judgment. For the reasons stated herein, the Court GRANTS summary judgment in favor of all Defendants.

I. Factual Background

Christner began working for Simmons Airlines[1] on December 9, 1991 and was based at Chicago, Illinois, O'Hare International Airport. Christner began with Simmons' fleet service and his responsibilities entailed handling passenger luggage in the bag room. Shortly thereafter, Christner became the lead agent in the bag room and from that position Simmons promoted him to crew chief in the ramp area by October 1992. In October 1994, Christner became a ground support supervisor, and in 1996 was made the ground support director. As the ground support director, Christner supervised the day-to-day operations of the ground support facility. His responsibilities

[1] Simmons became American Eagle Airlines in April 1998 as the result of a merger.





included scheduling employees, addressing payroll issues, scheduling and managing work completion, processing equipment repair orders, ordering parts, handling billing from outside vendors, keeping personnel records, procuring vehicles for use in ground support, disposing of obsolete equipment, disciplining employees and overseeing compliance with OSHA and EPA rules in the ground support facility. The majority of Christner's responsibilities as the ground support director involved office work.

The single event that led to Christner's termination occurred on April 9, 1997. On that day, mechanic Jerry Ishak, an employee whom Christner supervised, returned to work from a medical leave of absence. Ishak had taken a brief medical leave after he suffered a head injury at work. Christner did not believe that Ishak had sufficient medical verification to justify the leave. According to Ishak and at least one other Simmons employee, Christner chastised him in front of other Simmons employees, calling him pathetic and stating "I don't know what hurt more, your head or the pain in my asshole." Christner denies mocking Ishak, but admits that shortly after seeing Ishak that morning, he banged his head into a metal file cabinet, leaving a dent in the file cabinet. Ishak claims that Christner remarked that "[he was] not running to medical." Christner denies that statement but admits that he told Ishak, "See, no bump, no bruise, and I'm not taking two weeks off."

After Christner's demonstration, Ishak filed a complaint with his union representative, alleging that he was harassed and intimidated by Christner's statements and actions. Ishak's union representative forwarded his complaint to Kathleen Kelleher, Senior Representative, Employee Relations for American Eagle at O'Hare. Kelleher along with Christner's immediate supervisor Larry Terrazas then conducted an investigation of the April 9 incident. The investigation included taking witness statements and conducting interviews with the relevant parties including Christner and Ishak. Two witnesses corroborated the head-butting incident, one of whom corroborated the derogatory statements that Ishak alleged Christner to have made. Kelleher and Terrazas also reviewed Christner's employee record, which revealed a less-than-stellar performance history. For example, in April 1994, Christner received a performance review that rated his overall performance

as a ramp supervisor as 'marginal.' The 1994 review stated that the Christner, 'does not take direction well' and that he 'lets emotions get the better of him when dealing under stress.' More importantly, Kelleher and Terrazas learned that Christner had previously had charges lodged against him for improper behavior. In October 1994 Mario Saladino, a mechanic who reported to Christner, accused Christner of making racially derogatory statements and addressing him with clenched fists. After considering the evidence from the investigation and based on Christner's past record, Kelleher and Terrazas determined that Christner should be demoted from his management position.

Kelleher and Terrazas informed Christner of their decision to demote him and gave him sixty days to find a non-management position. It is normal practice for American Eagle to provide a manager with sixty days to find another position within the company when they are demoted from a management position. Christner challenged his demotion through American Eagle's internal appeal procedures. His appeal was denied after a review of the facts from the April 1997 incident.

But here is the twist that forms the basis of Christner's claims in this suit. In 1996, Christner had suffered an on-the-job injury when he fell off the back of a tow truck. Although Christner required surgery on both arms as a result of the accident, he missed but four days of work and never requested a medical leave. Kelleher and Terrazas knew about Christner's 1996 injury, but were not aware of the nature or extent of those injuries. Nevertheless, Kelleher and Terrazas wanted to ensure that Christner had ample opportunity to find another position within American Eagle so they decided to allow Christner to go on medical leave if he did not find a position within the normal sixty day period. American Eagle's medical leave policy allows an employee up to two years to identify a position that they are physically able to perform before they are terminated. To assist Christner's job search, Terrazas informed Christner that he could use the computer in his office to search for a new position within the company. Christner never used the computer in Terrazas' office nor did he apply for another position at American Eagle during the sixty-day period or the additional two-year medical leave. During the medical leave, Christner did request that he be allowed to return to his

position as ground support supervisor, but never informed American Eagle that he was seeking reinstatement to his position as an accommodation for his disability. Because of the incident with Ishak, American Eagle declined to place Christner in a supervisory position. After failing to land another position within the company, American Eagle terminated Christner in July 1999 at the conclusion of his medical leave.

Christner had filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 10, 1998, a year prior to his termination. In his charge, Christner complained that American Eagle: (1) harassed him after his 1996 injury; (2) discriminated against him based on his disability when it demoted him in April 1997; and (3) refused to accommodate his disability when it failed to reinstate him as a ground support supervisor or comparable management position in March 1998 when his doctor cleared him to work light duty. Christner did not indicate in his July 1998 EEOC charge that American Eagle had retaliated against him. After receiving a right-to-sue letter from the EEOC, Christner filed this suit alleging that American Eagle refused to accommodate his disability when his doctor cleared him to return to light duty in March 1998 and that American Eagle retaliated against him for filing a claim with the EEOC by refusing to restore him to a ground support supervisor position.

II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). In determining whether to grant summary judgment, the Court construes the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).

The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact and that the judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts which are considered material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party "must go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial. *Id.*

III. Analysis

*A. American Airlines and AMR Corp.*

As noted earlier, Christner sued not only his former employer, American Eagle, but two related, corporate entities—American Airlines and AMR. American Airlines and AMR have filed a motion for summary judgment on the grounds that Christner was employed by American Eagle, and not by them. The ADA prohibits discrimination by employers. *See* 42 U.S.C. § 12111. Christner, however, was not an employee of either American Airlines or AMR; he was an employee of American Eagle. Christner submits no evidence to support a claim that American Airlines and AMR can be held liable under any of the theories of imposing liability on corporate parents or affiliates that the Seventh Circuit announced in *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 941 (7th Cir. 1999). Indeed, Christner ignores American Airlines' and AMR's motion and puts forth no argument as to why either should be liable when he was employed by American Eagle. Because Christner was employed by American Eagle and not American Airlines or AMR, the Court GRANTS summary judgment in favor of American Airlines and AMR.

*B. Discrimination Claim*

The ADA prohibits an employer from "discriminating against a qualified individual with a disability because of the disability." 42 U.S.C. §12112(a). The ADA provides that the term

"discriminate" includes not only the disparate treatment of an employee because of that disability, but also the failure to make reasonable accommodations to the physical limitations of an otherwise qualified individual. *See* 42 U.S.C. § 12112(b)(5)(A); *Rauen v. United States Tobacco Mfg., Ltd.*, 319 F.3d 891, 895-96 (7th Cir. 2003). Christner raises only a failure to accommodate claim. American Eagle argues that it is entitled to summary judgment for three reasons: (1) Christner's failure to accommodate claim is barred by the applicable statute of limitations; (2) Christner is not disabled for purposes of the ADA; and (3) American Eagle did not fail to accommodate Christner.

American Eagle first argues that Christner's claims are untimely. In order for a plaintiff to file a suit under the ADA, the plaintiff must file the charge with the EEOC within 300 days from when the alleged discrimination occurred. *Conley v. Village of Bedford Park*, 215 F.3d 703 (7th Cir. 2000); *Heuer v. Weil-McLain*, 203 F.3d 1021, 1022 (7th Cir. 2000). The statute of limitations runs from the date the plaintiff learns of the injury or of the wrongful act by the defendant. *Thelen v. Marc's Big Boy Corp.* 64 F.3d 264, 267 (7th Cir. 1995). Christner filed his claim with the EEOC on July 10, 1998. But many of the discriminatory acts about which Christner complains occurred more than a year before the date he filed his EEOC claim. In his EEOC claim, Christner complains about harassment that occurred in March 1996—more than two years prior to the filing of his claim. He also complains about his demotion that occurred in April 1997—more than a year prior to the filing of his claim.

Christner admits that the 1996 and 1997 acts are not the subject of this suit. (Pl. Mem. Opp. Summ. J. at 4). Instead, Christner asserts that his claim of discrimination is based on American Eagle's alleged March 1998 refusal to provide a reasonable accommodation to allow him to return to his position as a ground support supervisor. American Eagle argues that any refusal to allow him to return to the position of a ground support supervisor is not a fresh act of discrimination and because it removed Christner from his management position in April 1997, not March 1998. American Eagle's argument is not convincing. After American Eagle demoted Christner, it offered him the opportunity to apply for other jobs. According to Christner, he desired to return to his

position as a ground support supervisor and could have done so had American Eagle provided a reasonable accommodation. American Eagle's alleged refusal to provide such an accommodation would be a distinct and separate discriminatory act from an allegedly discriminatory decision to demote him in the first instance. Thus, to the extent that Christner's claim is for a refusal to accommodate him after his doctor cleared him to work light duty in March 1998, his claim is not time barred.

The ADA prohibits an employer from discriminating against a person with a disability by refusing to make reasonable accommodations to the physical or mental limitations of an otherwise qualified individual. 42 U.S.C. § 12112(b)(5)(A); *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001). As a threshold requirement in establishing a *prima facie* case for failure to accommodate, a plaintiff must establish that he has a disability as defined by the ADA. *Moore v. J.B. Hunt Trans., Inc.*, 221 F.3d 944, 950 (7th Cir. 2000). The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *see also Wright v. Illinois Dept. of Corr.*, 204 F.3d 727, 730 (7th Cir. 2000). To be substantially limited in general, a person must be "'either unable to perform a major life function, or [be] significantly restricted in the duration, manner, or condition under which the [person] can perform a particular major life activity, as compared to the average person in the general population.'" *Peters v. City of Mauston*, 311 F.3d 835, 843 (7th Cir. 2002) (quoting *Contreras v. Suncast Corp.*, 237 F.3d 756, 762 (7th Cir. 2001)); *see also* 29 C.F.R. § 1630.2(j). The analysis for determining whether a person's impairment substantially limits a major life activity has three facets: 1) the nature and severity of the impairment; 2) the duration of the impairment; and 3) the permanent or long-term impact resulting from the impairment. *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir. 2002). Christner argues that he is disabled because his 1996 injury substantially limits his performance of manual tasks because he cannot fully straighten either of his arms or bend his arms so that he can touch his shoulders. Christner claims his physical limitations

prevent him from playing sports, carrying groceries, having sexual intercourse in "certain positions," adjusting the collar of his shirt, sleeping without pain, and working as a mechanic.

For the most part, Christner's alleged limitations do not rise to the level of a major life activity. The Supreme Court has ruled that a person is not disabled unless their impairment restricts him or her from doing activities of central importance to daily life. *Toyota Motor Mfg., Ky., Inc. v. Williams* 534 U.S. 184, 192 (2002). For example, participating in sports or carrying groceries are not major life activities because they are not of central importance to daily life. *Moore*, 221 F.3d at 951. Although performing manual tasks, *Toyota Motor Mfg., Ky., Inc.*, 534 U.S. at 200-01, lifting, *Mack v. Great Dane Trailers*, 308 F.3d 776 (7th Cir. 2002), working, *Contreras*, 237 F.3d at 762, sleeping, *Silk v. City of Chicago*, 194 F.3d 288 (7th Cir. 1999), and sexual reproduction or relations, *Bragdon v. Abbott*, 524 U.S. 624, 639 (1998); *Contreras*, 237 F.3d at 764, are all major life activities, Christner cannot establish that he is "substantially limited" in performing any of them. First, in support of his claim, Christner cites not a single piece of evidence, other than his own self-serving deposition testimony. *Cf. Stein v. Ashcroft*, 284 F.3d 721, 726 (7th Cir. 2002) (bald, self-serving statements in affidavits insufficient to create issue of triable fact); *Contreras*, 237 F.3d at 764 (same). Christner fails to point to any evidence to demonstrate that he has received or even sought treatment for any of these limitations. *Cf. Stein*, 284 F.3d at 726 (failure to submit medical documentation of alleged limitations fatal to plaintiff's complaint).

But even accepting Christner's self-serving and conclusory assertions, he still cannot be considered substantially limited in the major life activities of performing manual tasks, lifting, working, sexual relations, or sleeping. The Supreme Court observed that when addressing the major life activity of performing manual tasks, "the central inquiry must be whether the claimant is unable to perform a *variety of tasks central to most people's daily lives*," not whether the claimant is unable to perform a specific task. *Toyota Motor Mfg., Ky., Inc.*, 534 U.S. at 200-01. Here Christner alleges merely that he cannot "adjust the collar of his shirt." But that is a far cry from not being able to perform the variety of manual tasks necessary to care for himself on a daily basis. Similarly,

Christner alleges merely that he cannot engage in sexual relations in certain positions. An HIV-positive woman who risks transmitting the disease to a potential child or her spouse is substantially limited in the life activity of sexual reproduction or sexual relations. *See Bragdon*, 524 U.S. at 639. But a mere change in the *frequency* of sexual relations is not substantially limiting. *Contreras*, 237 F.3d at 764. And an impairment that affects only a narrow category of jobs does not substantially limit the major life activity of working. *Peters*, 311 F.3d at 843; *Contreras*, 237 F.3d at 764-65; *Sanchez v. Henderson*, 188 F.3d 740, 745 (7th Cir. 1999); *Lieson v. City of Shelbyville*, 153 F.3d 805, 808 (7th Cir. 1998); 29 C.F.R. § 1630.2(j). Finally, Christner offers no evidence to demonstrate that the disruption of his sleeping habits affect his day-to-day activities. *Cf. Steel v. Thiokol Corp.*, 241 F.3d 1248, 2154 (10th Cir. 2001). The limitations about which Christner complains simply do not rise to the level required by the ADA to be considered "substantially limiting."

Christner also argues that his doctors sent American Eagle notices of his physical impairment, including "disability certificates," and thus he is an individual with a record of a disability, 42 U.S.C. § 12102(2)(B), and that American Eagle regarded him as having a disability, 42 U.S.C. § 12102(2)(C). The fact that Christner's doctors sent American Eagle notices of Christner's visits, standing alone, is insufficient to demonstrate that it regarded him as being disabled. *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 882 (7th Cir. 1999). The "regarded as" prong is fulfilled only if either "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). In other words, "if the condition that is the subject of the employer's belief is not substantially limiting, and the employer does not believe that it is, then there is no violation of the ADA under the 'regarded as' prong of the statute." *Mack v. Great Dane Trailers*, 308 F.3d 776, 781-82 (7th Cir.2002). As explained above, Christner has not pointed to any evidence to show that his condition is substantially limiting and further failed to submit any evidence to show that the employer believed that it was. Although the

"disability certificates" indicate that Christner was unable to work, they are not conclusive evidence that Christner was disable, for they are too vague. For instance, the certificates do not specify the duration Christner would be unable to work. Furthermore, the doctor's notes, which are fare more precise than the disability certificates, state that Christner was "unable to perform regular duties." Accordingly, the doctor's record does not provide evidence that Christner was substantially limited in the life activity of working; instead it demonstrates only that he was unable to perform the tasks of a specific job for an indeterminate period of time, which as noted above, is insufficient to establish that a person is disabled within the meaning of the ADA. Because Christner cannot establish that he is substantially limited in a major life activity, he is not "disabled" for purposes of the ADA and cannot prevail on his failure to accommodate claim.

But there is an even more fundamental flaw in Christner's failure to accommodate claim: Christner never requested a reasonable accommodation. Generally, an employee must request a reasonable accommodation before the employer's duty to provide one is triggered. *See, e.g., Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 899 (7th Cir. 2000); *Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1013 (7th Cir. 1997); *Bultemeyer v. Fort Wayne Community Schools*, 100 F.3d 1281, 1285 (7th Cir.1996) (observing that employee with mental disability cannot always be expected to ask for an accommodation); *Wilcox v. American Stores*, No. 01 C 2138, 2002 WL 31654938, *7 (N.D. Ill. Nov. 22, 2002); *Houston v. Sidley & Austin*, No. 98 C 5559, 2001 WL 1000739, *3 (N.D. Ill. Aug. 28, 2001). Christner argues that he did request two reasonable accommodations: (1) that American Eagle provide him with clerical assistance who could help him with his responsibilities as the Ground Support Director; and (2) that American Eagle restore him to a position as a ramp or ground support supervisor. These indeed are requests, but they are not requests for an accommodation. First, Christner's request for a clerical assistant has nothing to do with his disability; Christner never explains why having a clerical assistant would address the limitations created by his arm injury. Moreover, Christner requested the assistant shortly after becoming the ground support director in

1996—long before allegedly becoming disabled, so it cannot possibly be a request to accommodate his disability. As for Christner's second request, it is true that he asked American Eagle to restore him to a position as a ground support supervisor. But he never informed American Eagle that he wanted a position as a ground support supervisor as an accommodation for an alleged disability. He believed that American Eagle erred in demoting him and should have restored him to a prior supervisory position. This is not a request for an accommodation, it is an appeal of a disciplinary action. Indeed, Christner's deposition testimony reveals he never told anyone at American Eagle that he needed help looking for a job that was within any alleged restrictions created by his physical impairment. Because Christner never requested any sort of accommodation from American Eagle, his failure to accommodate claim necessarily fails.

A final word on Christner's failure to accommodate claim. The Court is well aware of the oft-quoted mantra that courts do not sit as "super-personnel departments" in discrimination cases. *See, e.g., Grayson v. O'Neill*, 308 F.3d 808, 820 (7th Cir. 2002). But American Eagle's decision to put Christner on medical leave in order to allow him to have an additional two years to find a position within the company strikes the Court, at a minimum, as poor business judgment. Although American Eagle presents its decision to put Christner on medical leave as an altruistic gesture to grant a beleaguered and demoted employee additional time to find another job, it raises a specter of doubt concerning American Eagle's reasons for its actions because it suggests that American Eagle *did* perceive Christner to have some sort of disability. If American Eagle believed that Christner's head-butting incident warranted demotion, or even termination, it likely would have been better served to send that message clearly. At the same time, the entire premise of Christner's suit rings false. According to Christner, the April 1997 decision to demote him was a pretext to cover American Eagle's discrimination and failure to accommodate him. But this makes no sense. Christner complains about a failure to accommodate that occurred in March 1998—nearly a year *after* the allegedly pretextual decision to demote him. If Christner truly believed that the April 1997 decision was a pretext to cover American Eagle's discrimination against him, he ought to have

pursued this lawsuit then. In any event, it matters not because, as explained above, Christner has not pointed to any evidence to demonstrate that he was a qualified individual with a disability, nor has he pointed to any evidence demonstrating that he even requested a reasonable accommodation, much less that American Eagle refused to grant one. Accordingly, American Eagle's motion for summary judgment on Christner's failure to accommodate claim is GRANTED.

*C. Retaliation Claim*

To establish a *prima facie* case of retaliation under the ADA, Christner must demonstrate that (1) he engaged in protected activity; (2) he suffered an adverse employment action; (3) he was meeting his employers legitimate employment expectations; and (4) other similarly situated employees who did not engage in protected activity were treated more favorably. *Stone v. City of Indianapolis Public Utilities Div.*, 281 F.3d 640, 642 (7th Cir. 2002). Christner's retaliation claim is frivolous. Christner alleges that American Eagle did not reverse its decision to demote him and return him to his management position after he filed his charge of discrimination. But it is well settled that a refusal to undo a violation is not a fresh act of discrimination (or retaliation). *Delaware State College v. Ricks*, 449 U.S. 250 (1980); *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 597 (7th Cir. 2001). Here, Christner filed a the July 1998 EEOC charge because American Eagle refused to restore him to a position of ground support supervisor. American Eagle's continued refusal to restore him to that position is not a fresh act of discrimination that can support a retaliation claim. Otherwise, every filing of an EEOC charge would create a cause of action for retaliation in the event that the charge was not settled to the satisfaction of the employee. Christner admitted as much in his deposition, testifying that he was unaware of any actions by American Eagle against him because of his "opposition to discrimination." Accordingly, American Eagle's motion for summary judgment on Christner's retaliation claim is GRANTED.

## IV. Conclusion

For the reasons stated above, American Eagle's motion for summary judgment is GRANTED and Christner's complaint is dismissed with prejudice, terminating the case. All other pending motions are terminated as moot.

IT IS SO ORDERED.

5/28/03
Dated

Wm J. Hibbler
The Honorable William J. Hibbler